UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID YWAIN YOUNG,

        Plaintiff,

v.

UNKNOWN BRYANT,

        Defendant.

                           /

Case No. 1:10-cv-953

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a former inmate at the Calhoun County Correctional Facility pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant's motion for summary judgment (docket no. 9). Plaintiff does not oppose the motion.

**I.    Background**

Plaintiff's complaint is directed at the Calhoun County Sheriff in his official capacity and sets forth the following allegations. Compl. at p. 2 (docket no. 1). On August 23, 2010, plaintiff was sentenced to seven months in the county correctional facility for assaulting a police officer and for resisting and obstructing an officer. *Id.* at p. 3. On September 17, 2010, plaintiff filed a notice of appeal for his conviction. *Id.* At that time, plaintiff alleged that he moved for "self representation" and requested a trial transcript as an indigent. *Id.* The next day, he filed a grievance with jail officials claiming that he was being deprived of his right of access to the courts, "which requires jail authorities to assist inmates in the preparations and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate persons trained in law." *Id.* Plaintiff also claims that he has been denied the right to seek and obtain legal assistance from another

prisoner and that the correctioanl facility "does not make available certain minimum legal materials." *Id.*  Plaintiff seeks injunctive relief, declaratory relief and monetary damages.

## II. Sheriff Bryant's motion for summary judgment

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the court is

not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

### B.     Plaintiff's claim, properly construed, fails

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

The right of access to the courts is a fundamental right protected by the Constitution, which arises from the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Graham v. National Collegiate Athletic Association*, 804 F.2d 953, 959 (6th Cir.1986). As part of this fundamental right, the Constitution ensures that access to the courts will be "adequate,

effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). A prisoner's constitutionally guaranteed right of access to the courts is protected "when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally - trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983), citing *Bounds*, 430 U.S. 817. *See also, Knop v. Johnson*, 977 F.2d 996, 1003 fn. 5 (6th Cir.1992) ("[o]ur own court, like other courts of appeals, has always understood the Supreme Court to have meant what it said in holding that prisoners must be provided adequate law libraries 'or' adequate assistance from persons with legal training"). In addition, to state a claim for interference with access to the courts, a prisoner must show an actual injury connected to the pursuit of a non-frivolous legal claim challenging their convictions or conditions of confinement. *Lewis*, 518 U.S. at 355-56; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578.

Under Michigan law, the sheriff and the jail administrator set policies for the county jails. *See Rushing v. Wayne County*, 436 Mich. 247, 260, 462 N.W.2d 23 (1990) ("the policies of the sheriff and the jail administrator regarding the operation of the jail were attributable to the county"). To the extent that plaintiff seeks monetary damages against Calhoun County Sheriff Bryant, this claim, which is brought against the sheriff in his official capacity, is effectively against Calhoun County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself").

### 1.     Plaintiff's claim for injunctive relief is moot

It is undisputed that plaintiff is no longer an inmate at the Calhoun County Correctional Facility.  *See* Change of Address (plaintiff advised court that he was incarcerated through February 5, 2011) (docket no. 8); Returned Mail (returned to the court on April 15, 2011 and marked "inmate released") (docket no. 7).  Given this development, plaintiff's request for injunctive relief against Sheriff Bryant is moot.  "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001).  "[A] case is moot when the issues presented are not longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979).  This occurs when "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur," and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id*.  "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Id.*  Plaintiff's release from the Calhoun County Correctional Facility has "eradicated the effects of the alleged violation." *Id.*  Once released, plaintiff was no longer subject to the correctional facility's policies.  Furthermore, there is no reasonable expectation that the alleged violation will recur.  Plaintiff has presented no evidence that he has been sentenced to serve additional time in the Calhoun County Correctional Facility.  Under these circumstances, there is no basis for the court to provide plaintiff with injunctive relief.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief related to his conditions of confinement were moot when he was no longer confined to the institution that searched his mail);

*Penland v. Warren County Jail*, 759 F.2d 524, 526 n. 1 (6th Cir. 1985) (where plaintiffs sought injunctive relief related to their confinement at a county jail, their release from the jail rendered their claims for injunctive relief moot); *J.P. v. Taft*, 439 F.Supp.2d 793, 813 (S.D. Ohio 2006) (released inmate cannot be awarded injunctive relief related to his conditions of confinement; a former inmate's claims are moot "[b]ecause he cannot establish that there is a reasonable likelihood that the allegedly wrongful acts will recur as to him"). Accordingly, plaintiff's claim for injunctive relief should be dismissed as moot.

### 2. Plaintiff has failed to establish a constitutional violation

The only legal claim identified by plaintiff which could give rise to an access to the courts claim is his appeal challenging the Calhoun County conviction. In his grievance filed at the Calhoun County Correctional Facility, plaintiff stated that the facility did not provide him with "access to courts" or a law library. Grievance (Aug. 26, 2010) (docket no. 10-1). In appealing the grievance, plaintiff stated that "this denial is causing irreparable harm to my appeal as well as other legal issues I have." Grievance Appeal (Aug. 30, 2010) (docket no. 10-2).

While plaintiff's complaint indicated that he was representing himself on the appeal of his state conviction (and was prejudiced by the lack of access to a law library), Michigan court records establish otherwise. The day before plaintiff signed his complaint, the 37th (Calhoun County) Circuit Court appointed the State Appellate Defender Office to represent plaintiff. *See* Claim of Appeal and Order Appointing Counsel (Sept. 20, 2010) (docket no. 10-4). Since September 23, 2010, plaintiff has been represented in the Michigan Court of Appeals by Valerie R. Newman of the State Appellate Defender Office. *See People v. David Ywain Young*, No. 300413 (Mich. App.) (docket sheet for appeal) (docket no. 10-3). In short, Calhoun County provided

6

plaintiff with "the assistance of legally - trained personnel" to handle the only litigation identified by plaintiff, i.e., the appeal of his state court conviction. Viewing the evidence in the light most favorable to plaintiff, there is no evidence that plaintiff was denied the "legal tools necessary to defend himself" or suffered "actual prejudice" in the pursuit of a non-frivolous legal claim challenging his conviction or conditions of confinement. Accordingly, Sheriff Bryant is entitled to summary judgment.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that Sheriff Bryant's motion for summary judgment (docket no. 9) be **GRANTED** and that this action be **DISMISSED**.


Dated: January 11, 2012                                /s/ Hugh W. Brenneman, Jr.
                                                                         HUGH W. BRENNEMAN, JR.
                                                                         United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).